UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>WENDYANN NICOLA PHILLIPS,<br><br>Defendant. | 14-CR-597<br><br>Statement of Reasons for Sentencing<br>Pursuant to 18 U.S.C. § 3553(c)(2) |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 0 6 2015 ★
BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I.  Introduction ........................................................................................................................ 1
II. Offense Level and Category ............................................................................................... 2
III. Law ..................................................................................................................................... 2
IV. 18 U.S.C. § 3553(a) Considerations ................................................................................... 3
V.  Sentence .............................................................................................................................. 4
VI. Conclusion .......................................................................................................................... 4

### I.  Introduction

On December 4, 2014, Wendyann Nicola Phillips pled guilty to two counts: (1) the importation of cocaine, 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(3); and (2) possession with the intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

On January 16, 2015, Phillips was sentenced to time-served and a supervised release term of three years. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with section 3553(a) of Title 18. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

1

## II. Offense Level and Category

The total offense level is 12. The criminal history category is I, yielding a guidelines imprisonment range of 10–16 months. U.S.S.G. Ch. 5 Pt. A.

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of Title 18, the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of Title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States,* 552 U.S. 85 (2007). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in

2

incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553 (a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

### IV.     18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant" in sentencing Phillips. 18 U.S.C. § 3553(a)(1). Defendant is from Jamaica, where she obtained a ninth grade level education and graduated from a professional cosmetology school course. Twenty-five years old and currently seven-months pregnant, she owns and operates a beauty salon in Jamaica. The proceeds from the salon are used to support defendant and her three children, ages nine, seven, and five. Phillips has raised her children on her own, with no help from their fathers and little help from her family. Family members in Jamaica are caring for her children while she awaits sentence; but she is unsure if they will be able to support them if she is imprisoned in the United States.

She is currently in a healthy relationship with a barber in Jamaica, the father of her fourth child. Despite growing up in a poverty stricken environment without adequate food or clothing, Phillips has no history of alcohol or substance abuse and maintains close relationships with her family.

## V. Sentence

Under section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. The prospect of deportation was considered in Phillip's sentencing. *See United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *13 (E.D.N.Y. Sept. 24, 2014).

In light of the nature and circumstances of the offense and the history and characteristics of defendant, described *supra*, on January 16, 2015, Phillips was sentenced to time-served and a supervised release term of three years. U.S.S.G. § 5D1.1(a). A $200 special assessment was imposed. 18 U.S.C. § 3013(a)(2)(A). No fine was levied and no restitution was ordered because Phillips does not possess substantial assets in the United States or in Jamaica, and is unlikely to possess assets in the future.

## VI. Conclusion

General and specific deterrence are achieved by the sentence imposed. All elements of the Sentencing Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of Title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: January 30, 2015
Brooklyn, New York